ORIGINAL

P/SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-1324-GHK (AJWx) | Date | September 28, 2007 |
|---|---|---|---|
| Title | Burnis L Simon, Jr. v. Ashworth, Inc. | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None  None

**Proceedings:** (In Chambers) Order re: Plaintiff's Motion for Class Certification

This matter is before the Court on Plaintiff's Motion for Class Certification ("Motion"). We have considered the papers filed in support of and opposition to this Motion, and we deem this matter appropriate for resolution without oral argument. *See* L.R. 7-15.

**I. Introduction**

Plaintiff Simon alleges that Defendant Ashworth willfully violated the Fair Credit Reporting Act ("FCRA"), as amended by the Fair and Accurate Credit Transaction Act of 2003 ("FACTA"), when Ashworth provided Simon with an electronically-printed receipt on which Ashworth had "printed more than the last five digits of [Simon's] credit card or debit card and/or printed the expiration of [his] credit or debit card." (Complaint ¶ 31.)

The FACTA amendments state that:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c(g)(1).

Furthermore, the FCRA provides for actual damages sustained by the consumer or statutory damages of not less than $100 and not more than $1,000 for each willful failure to comply with the requirements of the FCRA. 15 U.S.C. § 1681n(a)(1)(A). Based on Defendant's alleged violation of the FCRA, Plaintiff now moves for class certification under Federal Rule of Civil Procedure 23.

**II. Legal Standard**

Federal Rule of Civil Procedure 23 contains two sets of requirements for the maintenance of a

**P/SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1324-GHK (AJWx) | Date | September 28, 2007 |
|---|---|---|---|
| Title | *Burnis L. Simon, Jr v. Ashworth, Inc.* | | |

class action. First, the proposed class must satisfy the four requirements of Rule 23(a): (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). In addition, the party seeking certification must show that the action falls within one of the three subsections of Rule 23(b). In this case, Plaintiff seeks certification pursuant to Rule 23(b)(3), which permits certification where "the court finds that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

On a motion for class certification, the party seeking certification bears the burden of demonstrating that the requirements for class certification have been met. *In re Northern Dist. of California, Dalkon Shield IUD Products Liability Litigation*, 693 F.2d 847, 854 (9th Cir 1982). Failure to meet this burden precludes the proponent from maintaining his complaint as a class action. *See Rutledge v. Electric Hose & Rubber Co.*, 511 F.2d 668, 673 (9th Cir. 1975). A district court must conduct a "rigorous analysis" to determine whether the proponent has met the requirements for class certification under Rule 23. *See Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 161 (1982). In doing so, we must take the substantive allegations of the complaint as true, and may also consider extrinsic evidence submitted by the parties. *Blackie v. Barrack*, 524 F.2d 891, 901 n.17 (9th Cir. 1975).

**III. Discussion**

Federal Rule of Civil Procedure 23(a)(4) mandates that a class representative must be able to fairly and adequately protect the interests of the class. "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class." *Hanlon v. Chrysler Corp.*, 105 F.3d 1011, 1020 (9th Cir 1998). The adequacy of representation requirement is of critical importance in determining whether a class should be certified because class members who are not named parties to the suit are bound by the judgment. Due process is satisfied only if absent members' interests are adequately protected by representative class members. *Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994).

In determining adequacy, we consider, among other things, the zeal and competence of counsel and the party who wish to prosecute the action. *Fendler v. Westgate-California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975). A plaintiff is an inadequate representative where he is so unfamiliar with the case that he will not serve the necessary role of "check[ing] the otherwise unfettered discretion of counsel in prosecuting the suit." *Welling v. Axley*, 155 F.R.D. 654, 659 (N.D. Cal. 1994); *see also Baffa v. Donaldson, Lufkin & Jenrette Securities Corp.*, 222 F.3d 52, 61 (2d Cir. 2000) ("[C]lass representative status may properly be denied 'where the class representatives have so little knowledge of and involvement in the class action that they would be unable or unwilling to protect the interests of the class against the possibly competing interests of the attorneys.'")

Plaintiff's testimony, viewed in its totality, demonstrates that he is not an adequate representative of the class. First, Plaintiff's testimony reveals that he does know what his role is as a class

P/SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1324-GHK (AJWx) | Date | September 28, 2007 |
|---|---|---|---|
| Title | *Burnis L. Simon, Jr v. Ashworth, Inc* | | |

representative and what his duties are toward the class. When asked to describe these duties, Plaintiff responded: "I'm not sure what my duties with respect to that class would be." (Pl.'s Dep. 63:21-24.) Defendant's counsel questioned Plaintiff again about his role as a representative stating: "I asked you a question before about your obligations as a class representative, and you testified that you had no idea; is that correct?" Plaintiff responded: "Yeah, yeah." (*Id.* 77:8-11.) Plaintiff cannot possibly represent the interests of the class if he is unaware of his obligations to the class. Without a clear understanding of his role, Plaintiff will be unable to protect the interests of the class.

Plaintiff must be able to show that he will monitor the progress of the litigation and take his role as class representative seriously. Plaintiff's deposition testimony reveals that he has taken absolutely no interest in monitoring the progress of his case. Although Plaintiff is correct that he is entitled to rely on the expertise of counsel, this does not excuse him from demonstrating that he will adequately represent the interests of the class. See *Baffa*, 222 F.3d at 61. Plaintiff testified that he had never seen the Complaint prior to his deposition when it was shown to him by Defendant's counsel, and he did not know when it was filed. (Pl.'s Dep. 49:1-54:13-14.) He also testified that he does not review any of the documents related to his case. (*Id.* 80:6-8.) He did not know that his claim for injunctive relief had been dismissed. (*Id.* 54:7-10.) He did not know if any hearings had taken place in the case or if any were scheduled. (*Id.* 80:9-13.) He further testified that he does not consider himself to be supervising this case, and he would not know what to do in the event of a disagreement with his attorney. (*Id.* 78:22-79:1; 80:3-5.) He stated that his attorney makes the decisions regarding what happens in the lawsuit and that Plaintiff has not "really had to make any [decisions] yet." (*Id.* 79:2-4; 83:9-13.)

Plaintiff's total lack of knowledge about his case is exceedingly troubling, though not surprising, in light of his testimony about the amount of time he has spent working on his case. When asked if he had spent more than "an hour involved with this case," Plaintiff responded: "No." (*Id* 81:18-20.) Plaintiff testified that the only time, excluding his deposition, that he spent on the case was to talk on the phone with his attorney for twenty minutes the day before his deposition and to sign "a couple of papers" which "didn't take long at all." (*Id.* 80:25-81:1-8.) In fact, it is unclear whether Plaintiff even decided to bring this lawsuit. When first asked about when he decided to file suit against Defendant, Plaintiff stated: "I never made the decision to file suit . . . No. I just took the [credit card] receipts to them." (*Id.* 51:12-14.) After a brief break in the deposition, when asked to confirm his prior testimony Plaintiff stated: "and so yeah, we decided to go after the companies that were in violation by the receipt we had . . . Me and my attorney." (*Id.* 52:23-53:6.) Later, Plaintiff again testified that he did not decide to file the lawsuit. (*Id.* 83:19-24.) When Defendants counsel asked Plaintiff a fourth time who decided to file the lawsuit he said "[w]e both did." (*Id.* 84:8-11.) Regardless of who actually made the decision to file suit in this case, the above described testimony clearly shows that Plaintiff has completely failed to monitor the progress of his case and that he has essentially abdicated his role to his attorneys. We find that Plaintiff's failure to take even minimal interest in the progress of his case thus far is overwhelming evidence that he cannot adequately represent the interests of the class members.

Plaintiff's reckless disregard of his role as class representative is so serious that he is even cavalier about signing statements under penalty of perjury. Plaintiff twice testified that he was unaware of any motion for class certification. (*Id.* 55:13-14; 60:6-22.) However, less than a month before, Plaintiff signed a declaration under penalty of perjury which stated "I am the Plaintiff in this action and I submit this declaration in support of the Motion for Class Certification filed concurrently herewith."

P/SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1324-GHK (AJWx) | Date | September 28, 2007 |
|---|---|---|---|
| Title | *Burnis L. Simon, Jr. v. Ashworth, Inc.* | | |

(Pl.'s Decl. 34). Even after being shown his signed declaration during his deposition, Plaintiff still testified "[n]o, I don't -- I don't remember anything about a motion for that." (Pl.'s Dep. 60:19-22.) Plaintiff was equally unfamiliar with his verified Responses to Defendant's Requests for Production. Plaintiff testified that he had never seen the Response to Defendant's First Set of Request for Production, even though this Response was signed by him under penalty of perjury. (*Id.* 12:1-5; Pl.'s Resp. to First Set of Req. for Produc. 10). Plaintiff also signed a Response to Defendant's Second Set of Request for Production, under penalty of perjury, stating that he had read the Request and "know[s ]its contents" and that the "matters stated in the [Response] are true of my own knowledge." (Pl.'s Resp. to Second Set of Req. for Produc. Verification). However, Plaintiff then testified that he was unfamiliar with his Response and did not look for any of the documents responsive to the Request. (Pl.'s Dep. 20:16-22; 21:4-17.) Additionally, when Plaintiff was shown his Response to First Set of Interrogatories, he testified that he did not know whose answers are contained in the document and that he "didn't help answer any of these questions." (*Id.* 15:9-16.) However, Plaintiff's verified Response was signed by him, under penalty of perjury, that he has knowledge of its contents and that its contents are true and correct. (Pl.'s Resp. to First Set of Interrogs. Verification). Again, Plaintiff's testimony is shocking, though not surprising in light of his testimony that "[t]hey had me sign some documents," but he does not know what they were. (Pl.'s Dep. 13:13-19.) When asked what it was that he signed, Plaintiff responded "I don't know." (*Id.* 13:18-19) Plaintiff's testimony shows that he will, and already has, recklessly signed documents under penalty of perjury without any knowledge of the nature and contents of those documents.

In addition to the recklessness already demonstrated by Plaintiff in this case, he is also inadequate as a representative because his testimony reveals that he will not adequately seek value for other members of the class. When asked whether he expects the class to recover any money as a result of this lawsuit, Plaintiff responded, "I don't expect them to get any money out of it." (Pl.'s Dep. 55:21-24.) He further testified that he was not even aware that the law permits consumers to recover money for a violation of the statute and that he was not seeking money damages from Defendant. (*Id.* 48:2-7.) Even after Defendants counsel told him that the statute provides for statutory damages, Plaintiff still testified that he did not know whether he was seeking these damages or not. (*Id.* 48:4-10.) When asked again about statutory damages, Plaintiff does later say that he might expect monetary compensation. He stated: "Well, I understand that there is like -- I guess there are monetary damages if there is like a penalty and if they're in violation of it. Then, I mean, I would expect monetary compensation, but . . ." (*Id.* 88:10-13.) Despite Plaintiff's testimony after being informed of the existence of monetary damages, he has already shown little interest in obtaining this remedy for the class by testifying that he is not seeking monetary damages from Defendant. (*Id.* 48:2-3.) Inasmuch as we have already dismissed Plaintiff's prayer for injunctive relief because it is unavailable to private litigants under the FCRA, Order Re: Def.s' Motion to Dismiss/Strike (July 11, 2007), it is unclear what Plaintiff is seeking on behalf of the class. Although the Complaint includes a prayer for statutory damages, Plaintiff's testimony that he expects the class members to recover nothing is troubling because it suggests that he will not vigorously attempt to obtain the only remaining relief to which the class members may be entitled under the statute.

This testimony also betrays a potential conflict of interest with the other class members. Notwithstanding the prayer for statutory damages in the Complaint, Plaintiff has already signaled his willingness to forego such relief. As such, he is essentially prosecuting this action solely for attorneys' fees. Additionally, Plaintiff's family has a close relationship with counsel. Plaintiff's father has worked

**P/SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1324-GHK (AJWx) | Date | September 28, 2007 |
|---|---|---|---|
| Title | *Burnis L. Simon, Jr. v. Ashworth, Inc.* | | |

for counsel's law firm as a legal coordinator for at least two and a half years. (*Id.* 65:4-14; 66:11-14.) Plaintiff has known counsel for his "whole life" and visits the law offices about once a week for social visits. (*Id.* 67:18-68:4; 71:17-72:1.) Plaintiff has even sporadically worked in the law offices moving storage boxes. (*Id.* 68:5-10.) As such, Plaintiff's interests appear to be more aligned with counsel than with the class members whom he purports to represent. *See Susman v. Lincoln American Corp.*, 561 F.2d 86, 91 (7th Cir. 1977) (noting that where counsel's potential fees far exceed the possible recovery of the class representative, there is a concern that a representative who is closely associated with counsel will settle on less favorable terms). When a conflict of interest exists or a suit is collusive, a plaintiff's interests can be antagonistic to the rest of the class. *See Welling*, 155 F.R.D. at 657.

In its totality, Plaintiff's testimony reveals that he cannot, or will not, "prosecute th[is] action vigorously on behalf of the class." *See Hanlon*, 105 F.3d at 1020. For these reasons, we find that Plaintiff has not shown that he will adequately represent the class as required by Rule 23(a)(4). Failure to meet any of the requirements of Rule 23 precludes Plaintiff from maintaining his case as a class action. *Rutledge*, 511 F.2d at 673. Therefore, Plaintiff's Motion for Class Certification is **DENIED.**[1]

**IT IS SO ORDERED.**

Initials of Deputy Clerk  Bea

---

[1] Because we find that the Plaintiff has failed to meet the adequacy requirement under Rule 23(a), we do not address the parties' arguments regarding whether Plaintiff has met the predominance and superiority requirements under Rule 23(b)(3).